UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGERS BOUDREAUX, JR. | CIVIL ACTION |
| VERSUS | NO. 25-915 |
| ENTERGY CORPORATION | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is Defendant, Entergy Corporation's, *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Rec. Doc. 5)**, and an opposition (Rec. Doc. 8) filed by *pro se* Plaintiff, Rogers Boudreaux, Jr., also known as Chief Little Sun. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Boudreaux filed this 42 U.S.C. § 1983 action, alleging Entergy, acting under color of law, violated various constitutional rights. (Rec. Doc. 1, at 3). The dispute surrounds an electrical transformer unit, referred to as the "Vault," located on Plaintiff's property at 9225 Lake Forest Boulevard, New Orleans. The Vault was previously placed on Plaintiff's property pursuant to a servitude agreement. Mr. Boudreaux is seeking removal of the vault and monetary damages in excess of $17 million. *Id.* at 5.

In the instant motion, Entergy seeks dismissal of the suit for failing to state a claim against it for which relief can be granted. (Rec. Doc. 5-1, at 3). Specifically,

Entergy argues that is it "not a state actor and there is simply no allegation in the Complaint that it was acting under color of law." *Id.*

In response, Plaintiff argues that motion should be denied because Plaintiff alleges that Entergy is withholding evidence of proper record keeping of the Vault. (Rec. Doc. 8, 1–2).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

While a court is generally confined to the pleadings when considering a motion to dismiss, a court may consider matters of the public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir 2007) ("And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)); *see also Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007).

Although *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## DISCUSSION

Accepting all well-pleaded facts as true and in light most favorable to Mr. Boudreaux, the Court finds that dismissal of this suit is warranted as no relief could be granted under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his Complaint, Plaintiff references a "vault agreement" as it relates to his property. (Rec. Doc. 1, at 4). A "Servitude and Vault Agreement" (the "Agreement"), dated May 23, 1984, was filed into the public record, creating a servitude in favor of Entergy New Orleans, LLC on Plaintiff's property. (Exhibit 5-2). The Court takes judicial notice of the Agreement and considers it in this instant motion.[1] It appears the property's previous owner requested electrical service to be made available to the property as it was a Speedee

---

[1] "[I]t is clearly proper in decided a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)).

Oil Change. *Id.* Entergy Corporation neither owns nor operates the electrical distribution system that encompasses Plaintiff's property. (Rec. Doc. 5-1, at 2). Entergy Corporation does not own the electrical equipment housed with the Vault on Plaintiff's property. *Id.*

From the Complaint, it appears that Mr. Boudreaux brings a claim under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Rec. Doc. 1), such causes of action exist when the defendant has acted "under color of law." *See e.g., Tyson v. Sabine*, 42 F. 4th 508, 522 (5th Cir. 2022) ("A defendant in § 1983 suit acts "under color of state law" when he abuses a position given to him by state."). Here, Entergy is not a state actor. Additionally, the Court finds that the Complaint fails to contain an allegation that Entergy was acting under color of law. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion (Rec. Doc. 5) is **GRANTED** and that all of Plaintiff's claims against Defendant are hereby **DISMISSED with prejudice**, with each party to bear its own costs.

New Orleans, Louisiana, this 14th day of July, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE